UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON BRIAN SANDERS,

        Petitioner,

v.

UNITED STATES OF AMERICA

        Respondent.
_____/

CIVIL ACTION NO. 05 CV 40008 FL
CRIMINAL ACTION NO. 90-50024-05

DISTRICT JUDGE PAUL V. GADOLA

MAGISTRATE JUDGE VIRGINIA M. MORGAN

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated below, the court recommends that petitioner's motion be **DENIED**.

**II.  Background**

In 1991, a jury found petitioner guilty of conspiring to distribute controlled substances, 21 U.S.C. §§ 841(a)(1) and 846, possession of cocaine with intent to distribute, 21 U.S.C. § 841(a), and use of a firearm during and in relation to a felony drug offense, 18 U.S.C. § 924(c). District Judge Stewart Newblatt, now retired, sentenced petitioner to 210 months' imprisonment for the controlled substance convictions and to a consecutive term of 60 months' imprisonment for the firearm conviction.  In addition, Judge Newblatt imposed a fine in the amount of $25,000.

The Sixth Circuit affirmed petitioner's convictions and sentences. United States v. Tyler, 993 F.2d 1548, 1993 WL 152069 (6th Cir.(Mich.)).

On September 8, 2004, petitioner filed a motion bearing the following title: "MOTION FOR REMIT PAYMENT OF FINE FOR VIOLATION OF TITLE 18 U.S.C. § 3572(D)." On October 4, 2004, Judge Gadola issued an order requiring petitioner to show cause why his motion should not be treated as one to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner did not respond to the order. Accordingly, on January 11, 2005, Judge Gadola issued an order stating that the motion would be adjudicated as a motion for relief from sentence under § 2255. Judge Gadola subsequently referred the matter to this court for Report and Recommendation.

Petitioner argues in his motion that Judge Newblatt violated 18 U.S.C. § 3572(d) by delegating to the Bureau of Prisons the task of determining a schedule for payment of the $25,000. Petitioner requests that the fine be vacated based upon this alleged violation. The Government contends that the issue raised by petitioner is not cognizable in a § 2255 proceeding. The court agrees that review of the issue is barred.

### III.  Analysis

Petitioner concedes in his motion that he did not raise the fine payment issue in his direct appeal. It is well settled that a claim not raised on direct appeal cannot be raised in the first instance in a § 2255 motion absent a showing of cause for the failure to raise the issue and actual prejudice arising therefrom. See, e.g., Dillon v. U.S., 188 F.3d 507 (Table), 1999 WL 701925 at *1 (6th Cir.(Ohio))("Absent a showing of actual prejudice and cause for his failure to raise these

issues on direct appeal, Dillon's claims asserted for the first time on collateral attack are waived"). Petitioner has failed to make a showing of either cause or prejudice. Accordingly, review of petitioner's claim is barred.

Further, as the Government noted in its response to petitioner's motion, a fine cannot be challenged in a § 2255 proceeding. In Grover v. United States Bureau of Prisons, 182 F.3d 917, 1999 WL 454716 (6th Cir.(Ohio)), the petitioner filed a § 2255 motion in which he sought to challenge the fine imposed upon him as part of his sentence on a drug trafficking conviction. The petitioner argued that the district court failed to consider his ability to pay, as required by 18 U.S.C. § 3572(a), and, as in the present matter, that the district court improperly delegated to the Bureau of Prisons the task of setting a schedule for payment of the fine. The Sixth Circuit determined that petitioner's claims were not cognizable under § 2255, stating the following:

> Section 2255 provides a means of relief for a federal prisoner who seeks release from a sentence of incarceration. A prisoner contesting the imposition of a monetary fine does not meet the "in custody" requirement of § 2255, despite incarceration. Grover does not seek release from incarceration or other physical restraint, but from a fine and subsequently imposed schedule of payment.

Grover, 182 F.3d 917, 1999 WL 454716 at *1 (citations omitted); see also United States v. Mays, 67 Fed.Appx. 868, 869, 2003 WL 21259692 at **1 (6th Cir.(Ky.))("One contesting the imposition of a monetary fine does not meet the 'in custody' requirement of § 2255, even if the movant . . .was actually incarcerated at the time"). Like the petitioner in Grover, petitioner does not meet the "in custody" requirement of § 2255 with respect to the claim raised in his motion. Accordingly, petitioner cannot pursue that claim in a § 2255 proceeding.

**IV.  Conclusion**

For the reasons stated above, the court recommends that petitioner's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/Virginia M. Morgan
VIRGINIA M. MORGAN
Dated: September 20, 2005         UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on Shannon B. Sanders and the attorneys of record by electronic means or U.S. Mail on September 20, 2005.

s/J Hernandez
Case Manager
Magistrate Judge Morgan